NOT DESIGNATED FOR PUBLICATION

No. 125,810

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN P. ROSENBERG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Oral argument held May 21, 2024. Opinion filed June 21, 2024. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, *Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before COBLE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Shawn P. Rosenberg timely appeals from his jury convictions for rape and furnishing alcohol to a minor for illicit purposes. As more fully explained below, we find his arguments on appeal are not persuasive, the evidence was sufficient, and the district court committed no error. We affirm his convictions.

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, A.R., who was 14 years old at the time, went with Rosenberg to a house he owned in Great Bend. Rosenberg took A.R. to the house so they could drink alcohol

1

together. The night they arrived in Great Bend, Rosenberg gave A.R. Smirnoff Ice alcoholic beverages, which she drank and became intoxicated. Rosenberg and A.R. were alone in the house and slept in the same bed. A.R. was still under the influence of alcohol when she went to sleep.

During the night, Rosenberg woke up A.R. and had her put a condom on his penis. Rosenberg then had sexual intercourse with A.R. After he was finished, Rosenberg told A.R. to take a shower. The next morning, A.R. woke up naked next to Rosenberg. She had difficulty remembering what happened and felt scared.

A.R. subsequently began experiencing mental health issues. A.R.'s mother, S.E., had A.R. undergo a psychological evaluation after she expressed suicidal ideations. S.E. spoke with her other daughter, K.B., who disclosed that Rosenberg had been sexually assaulting her for several years. S.E. then asked A.R. if Rosenberg had ever done anything to her. A.R. disclosed what happened at the house in Great Bend and further disclosed Rosenberg had sexually assaulted her at the family's home in South Hutchinson in the summer of 2018 by digitally penetrating her vagina. S.E. subsequently reported A.R.'s allegations to law enforcement.

In March 2020, Rosenberg was charged in Barton County with one count of rape and one count of furnishing alcohol to a minor for illicit purposes for the acts that occurred in Great Bend. In August 2022, a jury found him guilty of both counts. The district court imposed a total controlling sentence of 626 months' imprisonment.

Prior to his convictions in this case, Rosenberg was convicted in Reno County in April 2022 of one count of aggravated indecent liberties with a child under the age of 14 and two counts of aggravated indecent liberties with a child between the ages of 14 and 16. Additional facts are set forth as necessary.

ANALYSIS

*Compulsory Joinder Was Not Raised Below*

Rosenberg argues his convictions should be reversed on statutory double jeopardy grounds because the facts underlying his convictions were brought forth in his earlier trial for similar offenses in Reno County. See K.S.A. 21-5110(b) (providing requirements for compulsory joinder of certain criminal charges). He acknowledges the issue was not raised below but argues we can consider it on appeal because consideration of the issue is necessary to prevent the denial of his fundamental rights and the issue presents a pure question of law. The State asserts the issue should not be considered because it involves mixed questions of fact and law.

The State is partially correct, although there is no meaningful dispute as to the relevant facts. Still, Rosenberg's argument is flawed in that (1) he assumes he could have waived venue in Barton County to have the case joined with his Reno County case, and (2) his suggestion he would have waived venue is a fact question with a large unknown and the product of hindsight. Given these flaws in Rosenberg's argument, we decline to address the issue. See *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) (Even if exception permits consideration of issue not raised below, appellate court has discretion to decline to consider it.).

*The District Court Properly Instructed the Jury on Rape*

Rosenberg next argues the district court erred in instructing the jury on rape. Specifically, he asserts the jury instruction was erroneous because it provided the jury had to find A.R. could not consent because she was under the influence of an alcoholic beverage, whereas K.S.A. 21-5503(a)(2) requires proof that the victim was under the

3

influence of alcoholic liquor. Rosenberg acknowledges he did not object to the district court's instruction.

> "'When analyzing jury instruction issues, we follow a three-step process:
>
> "(1) determining whether the appellate court can or should review the issue, *i.e.*, whether there is a lack of appellate jurisdiction or a failure to preserve the issue for appeal;
>
> "(2) considering the merits of the claim to determine whether error occurred below; and
>
> "(3) assessing whether the error requires reversal, *i.e.*, whether the error can be deemed harmless.'" *State v. Holley*, 313 Kan. 249, 253, 485 P.3d 614 (2021).

At the second step, we consider whether the instruction was legally and factually appropriate, using an unlimited standard of review of the entire record. In determining whether an instruction was factually appropriate, courts must determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction. 313 Kan. at 254-55. When a party fails to object to a jury instruction before the district court, we review the instruction to determine if it was clearly erroneous. K.S.A. 22-3414(3). For a jury instruction to be clearly erroneous, the instruction must be legally or factually inappropriate and we must be firmly convinced the jury would have reached a different verdict if the erroneous instruction had not been given. The party claiming clear error— here, Rosenberg—has the burden to show both error and prejudice. *State v. Crosby*, 312 Kan. 630, 639, 479 P.3d 167 (2021).

Rosenberg's argument essentially amounts to a claim the jury instruction was not legally or factually appropriate. We find his argument unpersuasive. Importantly, the district court gave the jury the recommended instruction for rape provided in PIK Crim 4th 55.010 (2022 Supp.) and PIK Crim. 4th 55.030 (2014 Supp.). Our Supreme Court "'strongly recommend[s] the use of PIK instructions, which knowledgeable committees

develop to bring accuracy, clarity, and uniformity to instructions.'" *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018). Thus, it seems a stretch to assert the district court erred by giving an instruction it is "strongly [recommended]" to follow and to which Rosenberg did not object.

In relevant part, K.S.A. 2017 Supp. 21-5503(a)(2) defines rape as:

"Knowingly engaging in sexual intercourse with a victim when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender."

To convict Rosenberg of rape, the district court instructed the jury it must find:

"1. The defendant knowingly engaged in sexual intercourse with [A.R.].
"2. [A.R.] was incapable of giving consent to sexual intercourse because of the effect of any alcoholic beverage, which condition was reasonably apparent to the defendant.
"3. This act occurred on or between the 1st day of September, 2017, and the 1st day of October, 2017, in Barton County, Kansas."

Here, the State charged Rosenberg with rape for having sex with A.R. when she "was incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance." Thus, even assuming the jury instruction's use of "alcoholic beverage" does not accurately reflect the statute's use of "alcoholic liquor," the district court's use of the PIK instruction was proper because "alcoholic liquor" is necessarily an "alcoholic beverage." Regardless of what kind of beverage was furnished to A.R., there is no dispute it contained alcohol, and A.R.'s testimony reflected she was intoxicated and incapable of consenting as a result. Given Rosenberg's argument, we find no meaningful

5

distinction between "alcoholic liquor" and "alcoholic beverage," and an "alcoholic beverage" still required the jury to consider whether the drinks given to A.R. rendered her incapable of giving consent. Thus, the district court's jury instruction was legally and factually appropriate, i.e., it was not erroneous. Accordingly, we decline to consider whether it was clearly erroneous.

*Sufficient Evidence Supports Rosenberg's Conviction for Rape*

Rosenberg next argues the State did not present sufficient evidence to support his conviction for rape. Specifically, he asserts the State (1) failed to prove A.R. was incapable of giving consent, (2) failed to prove she was under the influence of alcoholic liquor, and (3) failed to prove any intoxication was apparent to Rosenberg. We find his arguments unpersuasive.

> "'When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.'" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

"This is a high burden, and only when the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt should we reverse a guilty verdict." *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

Rosenberg's first and second points are unpersuasive in light of the following evidence:

- A.R. called what happened to her rape;
- A.R. testified she was drunk and tipsy and not thinking straight;

6

- A.R. was struggling to walk and think because of the effects of the alcohol;
- A.R. testified she was not capable of saying yes or no due to the effects of the alcohol;
- A.R. was 14 years old at the time and had never consumed alcohol before;
- Rosenberg provided A.R. four or five full-size alcoholic beverages, which she described as Smirnoff Ice, wine coolers, or another fruity alcoholic drink;
- A.R. was scared and disoriented when she awoke the following morning; and
- Rosenberg had a pattern of getting other underage victims intoxicated to have sex with them.

As the State correctly points out, the fact A.R. referred to what happened to her as rape is significant because it reflects she believed she did not or could not consent. A.R.'s testimony further reflected she was mentally and physically impaired at the time and could not verbally give or decline consent. The jury was entitled to weigh and determine the credibility of the evidence. It is not our role to reevaluate the jury's finding. *Aguirre*, 313 Kan. at 209. As our Supreme Court has previously stated: "Lay persons are familiar with the effects of alcohol. If the jury concluded [the victim] was drunk enough to be unable to consent to sex, we should give great deference to that finding." *State v. Chaney*, 269 Kan. 10, 20, 5 P.3d 492 (2000). Viewed in the light most favorable to the State, the evidence was sufficient to show A.R. was (1) incapable of giving consent, and (2) her incapacity was due to being intoxicated on alcoholic beverages. As to Rosenberg's contention there was insufficient evidence the alcoholic beverages he provided to A.R. were alcoholic liquor, his argument is unavailing for the reasons further discussed below.

As to Rosenberg's final point, there was sufficient evidence to show A.R.'s condition was reasonably apparent to him. Again, "[l]ay persons are familiar with the effects of alcohol." 269 Kan. at 20. This would be even more apparent to someone observing the behavior of his victim. Here, A.R. described having difficulty walking,

thinking clearly, and could not verbally give or refuse consent. Rosenberg also took her to the house in Great Bend for the purpose of having her drink alcohol and asked A.R. if she wanted to feel what it was like to be drunk. Viewed in the light most favorable to the State, sufficient evidence supports the jury's finding that A.R.'s intoxication was reasonably apparent to Rosenberg.

*Sufficient Evidence Supports Rosenberg's Conviction for Furnishing Alcohol to a Minor*

Finally, Rosenberg argues there was insufficient evidence that (1) he gave A.R. alcoholic liquor and (2) he did so to induce her to participate in a criminal act—rape. As previously discussed, there was sufficient evidence he provided A.R. alcohol for the purpose of raping her. See K.S.A. 21-5607(b) (furnishing alcohol to minor for illicit purposes).

Viewed in a light most favorable to the State, there was sufficient circumstantial evidence for the jury to infer the drinks Rosenberg provided A.R. were alcoholic beverages. A jury may use circumstantial evidence to find a defendant guilty. *State v. Pattillo*, 311 Kan. 995, 1003, 469 P.3d 1250 (2020). The evidence reflected Rosenberg took A.R. to the house in Great Bend to provide her with alcoholic beverages to drink so she could experience being drunk. And, as previously explained, the evidence reflected Rosenberg wanted to get A.R. drunk so he could have intercourse with her. Additionally, K.B. testified Rosenberg had raped her by getting her intoxicated with THC gummies. Based on the totality of the evidence, including A.R.'s testimony about how much she drank and the extent of her intoxication and the circumstantial evidence, the jury could reasonably infer Rosenberg provided alcoholic beverages to A.R. Rosenberg's challenge to the sufficiency of the evidence fails.

Affirmed.